IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS FERNANDEZ, ) | No. C 11-2748 JSW (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| SANTA CLARA COUNTY ) DEPARTMENT OF CORRECTIONS, ) | |
| Defendant. ) | |
| _____ ) | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* in a separate order. The Court now reviews the complaint and dismisses it for failure to state a cognizable claim for relief.

## DISCUSSION

I. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed.

1  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.   Legal Claims

Plaintiff alleges that he was transferred from the Santa Clara County Jail to state prison, and various personal belongings, such as photos and legal papers, were not transferred with him in accordance with the regulations of the Santa Clara County Department of Corrections.  Neither the negligent nor intentional deprivation of property states a due process claim under Section 1983 if the deprivation was random and unauthorized, however. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process.  *See Zinermon v.*

1  *Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide
2  meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing
3  or common law tort remedy for erroneous deprivation satisfies due process).  California
4  law provides such an adequate post-deprivation remedy.  *See Barnett v. Centoni*, 31 F.3d
5  813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Accordingly,
6  Plaintiff's allegations that the unauthorized deprivation of his personal property does not
7  state a cognizable claim under Section 1983 for the violation of his constitutional rights.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a cognizable claim for relief.  The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: June 30, 2011

*/s/ Jeffrey S. White*

JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

JOSE LUIS FERNANDEZ JR.,

      Plaintiff,

v.

SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS et al,

      Defendant.

Case Number: CV11-02748 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Luis Fernandez
North Kern State Prison
F67691
P.O. Box 4999
Delano, CA 93216

Dated: June 30, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk